**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Kung How FONG, a/k/a Kwock Tam Kwoon, Defendant-Appellant.**

**No. 72-2666.**

United States Court of Appeals,
Ninth Circuit.

March 5, 1973.

Certiorari Denied June 11, 1973.
See 93 S.Ct. 2785.

**190**

J. Frank McCabe, Deputy Federal Public Defender (argued), James F. Hewitt, Federal Public Defender, San Francisco, Cal., for defendant-appellant.

Dennis Nerney, Asst. U. S. Atty. (argued), James L. Browning, Jr., U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before WRIGHT and WALLACE, Circuit Judges, and KELLEHER, District Judge.*

PER CURIAM:

On this appeal from a conviction on two counts involving possession of heroin, appellant urges three assignments of error, none of which we find to justify reversal.

It is argued that the government here was engaged in impermissible creative activity of the type which we condemned in Greene v. United States, 454 F.2d 783 (9th Cir. 1971) and United States v. Russell, 459 F.2d 671 (9th Cir. 1972).

Those cases involved government agents whose activities supplied essential elements to the crimes, chemicals necessary to drug manufacture and components with which to make bootleg whiskey.

Here, there was neither entrapment nor creative activity. The government agent and the intermediary were but carrying out the pre-existing plan of the exporter and appellant who was the importer. Appellant was predisposed to commit the crime. *See* United States v. Granger, 475 F.2d 1022 (9th Cir. 1973).

Appellant complains of the conduct of the prosecutor in the course of closing argument. The complaint has merit because the Assistant United States Attorney stepped out of bounds on at least three occasions, expressing his personal opinion of the appellant and of the evidence and concluding that, if the jurors thought the government witnesses were liars, they should write the Attorney General about it. This last remark was excepted to but the trial court was not asked to admonish the jury or take other appropriate action.

Appellant relies on United States v. Cummings, 468 F.2d 274 (9th Cir. 1972), in which we reversed a conviction for blatantly improper prosecutorial argument to a jury. We there cited a number of authorities with which prosecutors should be familiar. We cite again the American Bar Association Standards Relating to the Prosecution Function § 5.8, which give guidance on arguments to the jury.

We agree with the district judge here that the offensive argument was not prejudicial under the circumstances and it was not plain error under Rule 52(b). *See* Orebo v. United States, 293 F.2d 747, 749–750 (9th Cir. 1961).

Appellant's third assignment of error has been considered and is without merit.

Affirmed.

---

* Of the Central District of California.